IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAIME LUIS ESTRADA-MONZON,<br><br>Defendant pro se.[1] | CRIMINAL ACTION FILE<br>NO. 4:10-CR-53-RLV-WEJ |

## NON-FINAL REPORT AND RECOMMENDATION

This matter is before the Court on defendant pro se Jaime Luis Estrada-Monzon's Motion for Dismissal of Indictment [27]. For the reasons stated below, the undersigned **RECOMMENDS** that defendant's Motion be **DENIED**.

## I.  THE INDICTMENT

On November 16, 2010, the grand jury returned a single-count Indictment [1] against Mr. Estrada alleging as follows:

> On or about August 17, 2010, in the Northern District of Georgia, JAIME LUIS ESTRADA-MONZON, an alien to the United States of America, was found within the United States after having previously been deported and removed from the United States, and without having obtained the express consent of the Attorney General,

---

[1] Defendant filed a Motion to Proceed Pro Se [24], which this Court granted by Order of April 6, 2011 [25]. The Court directed defendant's former counsel to remain on this case as standby counsel.

and the Secretary of Homeland Security, to re-apply for admission to the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(1).

## II.   CONTENTIONS OF THE PARTIES

Defendant contends that the Indictment is duplicitous and that his prosecution violates the Double Jeopardy Clause of the Fifth Amendment. The Government responds that the Indictment is not duplicitous and does not subject defendant to potential double jeopardy because § 1326(b) is an enhanced sentencing provision that requires a conviction under § 1326(a).

## III.   ANALYSIS

"A count in an indictment is duplicitous if it charges two or more 'separate and distinct' offenses." United States v. Schlei, 122 F.3d 944, 977 (11th Cir. 1997) (citation omitted). Here, the Indictment charges a single offense: illegal reentry into the United States in violation of 8 U.S.C. § 1326(a). Thus, defendant's assertion that "a number of separate and distinct offenses are charged" is mistaken. The Indictment is not duplicitous.

Further, as noted by the Government, indicting the defendant under § 1326(a) and (b)(1) does not subject defendant to potential double jeopardy. Section 1326(a) defines the crime of illegal reentry; subdivision (b) provides enhanced "criminal

penalties for reentry of certain removed aliens." Thus, a single-count Indictment charging violations of Sections 1326(a) and (b)(1) does not implicate double jeopardy.

## IV. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that defendant's Motion for Dismissal of Indictment [27] be **DENIED**.

**SO RECOMMENDED**, this 25th day of April, 2011.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION FILE NO. 4:10-CR-53-RLV-WEJ |
| JAIME LUIS ESTRADA-MONZON, | |
| Defendant. | |

**ORDER FOR SERVICE OF**
**NON-FINAL REPORT AND RECOMMENDATION**

Let this Non-Final Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B) and the Court's Local Criminal Rule 58.1(A)(3)(a), be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Non-Final Report and Recommendation within fourteen days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing

AO 72A
(Rev.8/82)

for review by the District Court. Failure to object to this Non-Final Report and Recommendation waives a party's right to review. Fed. R. Crim. P. 58(b)(2).

The Clerk is directed to submit the Non-Final Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED**, this 25th day of April, 2011.

*/s/ Walter E. Johnson*
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)